# EXHIBIT A

ELECTRONICALLY FILED - 2023 Dec 13 6:57 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006047

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | NINTH JUDICIAL CIRCUIT |
| COUNTY CHARLESTON | ) | CASE NO: 2023-CP-10-___________ |

| | | |
|---|---|---|
| JASMINE LOGAN AND SHARDE JOHNSON as Personal Representatives of the Estate of LAVON EUGENE FROST, | ) | |
| Plaintiffs, | ) | **SUMMONS** |
| | ) | (Tort-Automobile Accident) |
| -vs- | ) | (Jury Trial Requested) |
| BIG GUSTIMA, DS EXPRESS LINE LLC, DS LOGISTICS INC., and WERNER ENTERPRISES INC., | ) | |
| Defendants. | ) | |

TO: THE DEFENDANTS ABOVE NAMED AND DEFENDANTS' ATTORNEY(S):

YOU WILL PLEASE TAKE NOTICE that you are hereby summoned and required to Answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer on the attorney for the Plaintiff listed below at his office at 7011 Rivers Avenue, Ste 105, North Charleston, South Carolina, 29406, within thirty (30) days after service hereof excluding the date of such service. IF YOU FAIL TO ANSWER THE COMPLAINT WITHIN THE TIME AFORESAID, PLAINTIFF WILL APPLY TO THE COURT FOR A JUDGMENT BY DEFAULT FOR THE RELIEF DEMANDED IN THE COMPLAINT AND ANY OTHER RELIEF DEEMED APPROPRIATE.

MILLER, DAWSON, SIGAL, & WARD, LLC

s/Ryan H. Sigal
Ryan H. Sigal, Esq. SC Bar#80223
Patrick T. Yanoti, Esq. SC Bar#103044
1090 East Montague Ave
North Charleston, S.C. 29405
(843) 284-7780
sigal@mdswlegal.com
patrick@mdswlegal.com

North Charleston, SC
December 13, 2023

ELECTRONICALLY FILED - 2023 Dec 13 6:57 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006047

Jonathan S. Altman, Esq., SC Bar #65400
Derfner & Altman, LLC
575 King Street, Suite B
Charleston, SC 29403
(843) 723-9804 ext. 1
jaltman@derfneraltman.com

*Attorneys for the Plaintiff*

ELECTRONICALLY FILED - 2023 Dec 13 6:57 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006047

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) NINTH JUDICIAL CIRCUIT |
| COUNTY CHARLESTON | ) CASE NO: 2023-CP-10-___________ |
| JASMINE LOGAN AND SHARDE JOHNSON as Personal Representatives of the Estate of LAVON EUGENE FROST, | ) |
| Plaintiffs, | ) **COMPLAINT** (Tort-Automobile Accident) (Jury Trial Requested) |
| -vs- | ) |
| BIG GUSTIMA, DS EXPRESS LINE LLC, DS LOGISTICS INC., and WERNER ENTERPRISES INC., | ) |
| Defendants. | ) |

TO: THE ABOVE-NAMED DEFENDANTS AND DEFENDANTS' ATTORNEY(S):

The Plaintiffs above named complaining of the Defendants herein says as follows:

**PARTIES**

1. At the time of the collision, Lavon Eugene Frost (hereinafter "Frost") was a citizen and resident of the County of Charleston, State of South Carolina.

2. That Frost lost his life in the collision which forms the basis for this action.

3. That Plaintiffs Jasmine Logan and Sharde Johnson (hereinafter collectively referred to as "Plaintiffs") are the duly appointed Co-Personal Representatives of the Estate of Lavon Eugene Frost.

4. That Defendant Big Gustima (hereinafter "Gustima") upon information and belief, is a citizen and resident of the State of New York. Further, and upon information and belief, at all times relevant to this action, Gustima was a motor carrier driver pursuant to 49 C.F.R. Part 392.3 and 49 C.F.R. Part 395.1 to 395.8.

ELECTRONICALLY FILED - 2023 Dec 13 6:57 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006047

5. That Defendant DS Express Line, LLC (hereinafter "DS Express"), upon information and belief, is a limited liability company authorized and existing pursuant to the laws of the State of Ohio which regularly conducts business in the County of Charleston, State of South Carolina.

6. That Defendant DS Logistics, Inc. (hereinafter "DS Logistics"), upon information and belief, is a corporation authorized and existing pursuant to the laws of the State of Ohio which regularly conducts business in the County of Charleston, State of South Carolina.

7. That at all times material hereto, Defendants DS Express and DS Logistics Inc. jointly operated a trucking company engaged in interstate commerce, and regularly and systematically conducted affairs and business activities in the County of Charleston, State of South Carolina.

8. That Defendant Werner Enterprises, Inc. (hereinafter "Werner"), upon information and belief, is a corporation authorized and existing pursuant to the laws of the Nebraska which regularly conducts business in the County of Charleston, State of South Carolina.

**JURISDICTION AND VENUE**

9. That at all times material hereto, DS Express, DS Logistics, and Werner, operated and utilized commercial trucks and trailers engaged in interstate commerce, and regularly and systematically conducted their affairs and business activities in the State of South Carolina.

10. This suit arises out of a vehicle collision that occurred in or around Charleston County, South Carolina on March 5, 2023.

ELECTRONICALLY FILED - 2023 Dec 13 6:57 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006047

11. That this Court has personal jurisdiction over the parties to this action and subject matter jurisdiction over the claims asserted in this Complaint.

12. Venue is proper in this circuit under South Carolina Code § 15-7-30 because the acts and omission occurred in Charleston County, South Carolina.

**FACTS**

13. That on or about March 5, 2023, at approximately 2:15 a.m., Frost was driving and operating his 2006 Suziki sedan traveling East on Interstate 26 in the city of North Charleston, Charleston County, South Carolina.

14. That on that same date and time, Gustima illegally parked a 2016 tractor & trailer on Interstate 26 near the Exit 204 East- Rest Area Exit Ramp- in the city of North Charleston, Charleston County, South Carolina.

15. That at all times herein, Gustima was acting within the course and scope of his employment with DS Logistics, DS Express, and Werner and that DS Logistics, DS Express, and Werner are liable for the acts and omissions of Gustima pursuant to *respondeat superior*.

16. That DS Express and DS Logistics were the owners of the 2016 tractor that was illegally parked by Gustima.

17. That Werner was the owner of the trailer that was illegally parked by Gustima.

18. That Frost collided with the back of Defendants' illegally parked tractor and Werner's illegally parked trailer resulting in a severe collision in which Frost suffered severe injuries causing his untimely death.

ELECTRONICALLY FILED - 2023 Dec 13 6:57 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006047

**FOR A FIRST CAUSE OF ACTION**

**(TORT ACTION AGAINST DEFENDANT GUSTIMA FOR NEGLIGENCE, GROSS NEGLIGENCE, NEGLIGENCE *PER SE*, RECKLESSNESS, CARELESSNESS AND WILFUL ACTS AND OMISSIONS SEEKING ACTUAL AND PUNITIVE DAMAGES)**

19. Plaintiffs incorporate paragraphs one (1) through eighteen (18) as if fully set forth and restated herein.

20. At all times relevant hereto, Gustima was an employee, agent, and legal representative of DS Logistics, DS Express, and Werner acting in the course and scope of his employment and agency.

21. DS Logistics, DS Express, and Werner controlled the actions of Gustima on March 5, 2023, and therefore are responsible for Gustima's actions and inactions on March 5, 2023.

22. At times relevant herein Gustima owed certain duties to Frost as outlined below.

23. Gustima was negligent, grossly negligent, negligent *per se*, reckless, careless, willful and wanton in one or more of the following particulars, to wit:

(a) In then and there illegally parking a vehicle in an area marked, "No Parking;"

(b) In then and there failing to keep a proper lookout;

(c) In then and there failing to properly observe road signs and traffic signals;

(d) In then and there causing a collision with Frost's vehicle;

(e) Parking a vehicle in a prohibited place in violation of S.C. Code Ann. 56-5-2530;

ELECTRONICALLY FILED - 2023 Dec 13 6:57 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006047

(f) Operating an unsafe vehicle in violation of S.C. Code Ann. Sections 56-5-4410 and 56-5-5310;

(g) Recklessly operating a motor vehicle in such a manner as to indicate a willful or wanton disregard for the safety of persons and property in violation of S.C. Code Ann. Section 56-5-2920

(h) Failing to operate a commercial vehicle in the manner required by the Federal Motor Carrier Safety Regulations ("FMCSR"), including in violation of Hours of Service rules;

(i) Failing to operate a commercial vehicle in the manner required by the professional standards established by South Carolina Law and FMCSR,

(j) Failing to properly maintain, inspect, service and repair the tractor and trailer in violation of the FMCSR and state laws;

(k) Failing to perform and document the pre- and post-trip inspections in violation of the FMCSR and state laws;

(l) Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing; and

(m) In such other and further particulars as the evidence at trial may show;

24. Gustima breached South Carolina laws and statutes as well as regulations of the Federal Motor Carrier Safety Administration which are designed to protect citizens, including Frost, from injury due to a commercial motor vehicle collision, property damage, and other damages.

ELECTRONICALLY FILED - 2023 Dec 13 6:57 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006047

25. That as the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts or omissions of Gustima, Frost suffered great and permanent physical harm and injury, all of which ultimately led to his death at the scene of the collision.

**FOR A SECOND CAUSE OF ACTION**

**(TORT ACTION AGAINST DEFENDANT DS LOGISTICS, DS EXPRESS, and WERNER FOR NEGLIGENT HIRING, SUPERVISING, TRAINING, and RETENTION SEEKING ACTUAL AND PUNITIVE DAMAGES)**

26. Plaintiffs reallege and incorporate by reference Paragraphs one (1) through twenty-five (25) as if each were fully set forth herein verbatim.

27. That Gustima was acting within the scope and course of his employment and agency with Defendants when he illegally parked the tractor trailer on Interstate 26.

28. That DS Logistics, DS Express, and Werner are liable for the acts and omissions of Gustima pursuant to *respondeat superior*.

29. That DS Logistics, DS Express, and Werner owed statutory and common law duties to Frost, to hire, supervise, and/or retain commercial truck driver's capable of complying with all provisions of the FMCSR and state law.

30. DS Logistics, DS Express, and Werner failed to properly review, interview, or interact with Gustima prior to hiring him as a commercial truck driver.

31. DS Logistics, DS Express, and Werner knew or should have known that Gustima lacked the proper training, experience, and ability to comply with all provisions of the FMCSR and state law.

ELECTRONICALLY FILED - 2023 Dec 13 6:57 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006047

32. DS Logistics, DS Express, and Werner knew or should have known that Gustima's inexperience and lack of training and skill rendered him a reckless driver and unable to comply with federal and state law.

33. DS Logistics, DS Express, and Werner failed to comply with the FMCSR prior to employing Gustima as a commercial truck driver.

34. Following Gustima's hiring, DS Logistics, DS Express, and Werner failed to properly supervise and train Gustima in violation of the FMCSR and state law.

35. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of DS Logistics, DS Express, Werner and Gustima, Frost suffered great and permanent physical harm and injury resulting from the collision, all of which ultimately led to his death at the scene of the collision, as well as other damages.

36. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of DS Logistics, DS Express, Werner and Gustima as set out above, Plaintiffs are entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**FOR A THIRD CAUSE OF ACTION**

**(TORT ACTION AGAINST DEFENDANTS DS LOGISTICS, DS EXPRESS AND WERNER FOR NEGLIGENT ENTRUSTMENT SEEKING ACTUAL AND PUNITIVE DAMAGES)**

37. Plaintiffs reallege and incorporate by reference Paragraphs one (1) through thirty-seven (37) as if each were fully set forth herein verbatim.

38. That DS Logistics, DS Express, and Werner knew or should have known that Gustima was untrained and incapable of operating his commercial vehicle in the manner required by the FMCSR and state law.

ELECTRONICALLY FILED - 2023 Dec 13 6:57 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006047

39. That DS Logistics, DS Express, and Werner knew or should have known that Gustima's was a reckless driver.

40. That DS Logistics, DS Express, and Werner entrusted a commercial motor vehicle to Gustima despite knowing that Gustima lacked proper training and experience.

41. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of DS Logistics, DS Express, and Werner, Frost suffered conscious pain and suffering, physical harm and injury, all of which ultimately led to his death at the scene of the collision, as well as other damages.

42. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of DS Logistics, DS Express, and Werner as set out above, Plaintiffs are entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**<u>FOR A FOURTH CAUSE OF ACTION</u>**
**(WRONGFUL DEATH AGAINST ALL DEFENDANTS)**

43. Plaintiffs reallege and incorporate by reference Paragraphs one (1) through forty-two (42) as if each were fully set forth herein verbatim.

44. As a direct and proximate result of one or more of the aforesaid acts of negligence, recklessness, willfulness, and wantonness of Defendants singularly, jointly, severally and in combination and concurring with the negligence, gross negligence, recklessness, willfulness, and wantonness of the other(s), Frost suffered the loss of his life.

45. By reason of the acts of Defendants as set forth above, the Personal Representatives for the Estate of Lavon Eugene Frost are informed and believe that pursuant to the provisions of §15- 51- 10 of the 1976 South Carolina Code of Laws, as amended, the beneficiaries of the Estate of Lavon Eugene Frost are entitled to an award of actual and punitive

ELECTRONICALLY FILED - 2023 Dec 13 6:57 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006047

damages against all Defendants for the wrongful death of Frost in an amount to be determined by a jury at trial.

46. Plaintiffs demand a jury trial;

47. Plaintiffs are informed and believes that they are entitled to judgment against the Defendants, jointly and severally, in such sum of actual and punitive damages that a trier of fact may determine, together with the costs of this action and for such other relief as this Court may deem just and proper.

WHEREFORE, Plaintiffs pray for a trial by jury and judgment against the Defendants jointly and severally, on claims of negligence, gross negligence, negligent entrustment, negligent hiring, training, supervising, and retention, carelessness, recklessness, negligence *per se*, willfulness, and wrongful death in such sum of actual and punitive damages, that a trier of fact may determine together with such other relief this Court may deem just and proper.

Respectfully submitted,

MILLER, DAWSON, SIGAL, & WARD, LLC

s/Ryan H. Sigal
Ryan H. Sigal, Esq. SC Bar#80223
Patrick T. Yanoti, Esq. SC Bar#103044
1090 East Montague Ave
North Charleston, S.C. 29405
(843) 284-7780
sigal@mdswlegal.com
patrick@mdswlegal.com

Jonathan S. Altman, Esq., SC Bar #65400
Derfner & Altman, LLC
575 King Street, Suite B
Charleston, SC 29403
(843) 723-9804 ext. 1
jaltman@derfneraltman.com

*Attorneys for the Plaintiff*

North Charleston, SC
December 13, 2023